UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

WILLIAM JONES, )
 )
       Plaintiff, )
 )
  v. ) No. 4:07-CV-1183-CEJ
 )
MEDIUM SECURITY INSTITUTE, et al., )
 )
       Defendants. )

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the application of William Jones (Registration No. 1070774) for leave to commence this action without payment of the required filing fee.

### **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner

will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. See 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $2.50, and an average monthly account balance of $5.37. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.07, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, an inmate at the Eastern Reception Diagnostic and Correctional Center, seeks monetary relief in this 42 U.S.C. § 1983 action against defendants Medium Security Institute, Phillip Washington (an inmate), and Gene Stubblefield (Superintendent). Plaintiff alleges that on June 11, 2007, he was "abruptly . . . attack[ed] and assaulted (hit in mouth received stitches 8 or more) by Phillip Washington." He further alleges that the "c/o assigned to Dorm F was not present. She was walking around laughing and talking to others in the hallway."

To state a § 1983 claim, a plaintiff must first establish that a person acting under color of state law committed actions which form the basis of the complaint. See, e.g., Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 328 (1986). Defendant Phillip Washington, the inmate who allegedly attached plaintiff, is not a

state actor for purposes of § 1983, and thus, the complaint is legally frivolous as to this defendant.

The complaint is also legally frivolous as to defendants Medium Security Institute and Gene Stubblefield, because plaintiff has failed to assert any allegations against them. See Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits); Sanders v. Sears, Roebuck & Co., 984 F.2d 972, 975-76 (8th Cir. 1993)(to state a claim against private corporation acting under color of state law, plaintiff must allege existence of policy, custom, or official action that caused actionable injury). Moreover, although a municipality is not entitled to absolute immunity in § 1983 actions, it cannot be held liable under a respondeat superior theory. Monell v. Department of Social Services, 436 U.S. 658, 691 (1978). Municipal liability cannot be imposed absent an allegation that unlawful actions were taken pursuant to a municipality's policy or custom. Id. at 694. There being no such allegation in the present action, the complaint is legally frivolous as to defendant Medium Security Institute for this reason, as well.

Last, plaintiff's allegation that a correctional officer was not present to protect him from attack by another inmate does

4

not state a violation of the Eighth Amendment. Cf. Estelle v. Gamble, 429 U.S. 97, 106 (1976)(mere negligence does not rise to the level of an Eighth Amendment violation). To state an Eighth Amendment failure-to-protect claim, a plaintiff must allege that there was an excessive risk to his safety which was obvious or known to the defendant and that the defendant recklessly disregarded the risk. See Jackson v. Everett, 140 F.3d 1149, 1152 (8th Cir. 1998). In the instant case, plaintiff does not allege that any of the defendants knew that there was a danger that his assailant would attack plaintiff or that they recklessly disregarded that risk. Indeed, in the complaint plaintiff states that the attack occurred "abruptly."

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **granted.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $1.07 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the

complaint is legally frivolous and/or fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 17th day of October, 2007.

_____
**UNITED STATES DISTRICT JUDGE**